# IIN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket Nos. 39710 / 39711

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, December 2013 Term |
| | ) | |
| Plaintiff-Respondent, | ) | 2014 Opinion No. 41 |
| | ) | |
| v. | ) | Filed: March 28, 2014 |
| | ) | |
| KRYSTAL LYNN EASLEY, | ) | Stephen W. Kenyon Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

The case is <u>remanded</u> for resentencing considering all alternatives available to the sentencing court.

Sara B. Thomas, State Appellate Public Defender, Boise, attorneys for appellant. Shawn F. Wilkerson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for respondent. Daphne Huang argued.

SCHROEDER, J. *pro tem*

## I.

### NATURE OF THE CASE

This is an appeal from the district court's order revoking Krystal Easley's probation and this Court's partial denial of her request to augment the record with various transcripts to be created at the public's expense. The case also presents the issue of the prosecutor's refusal to consent to the district judge's desire to sentence Easley to mental health court and the district court's acquiescence in that refusal.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

In September of 2005, Krystal Easley was charged by Information with possession of a controlled substance. She entered an *Alford*[1] plea to possession of a controlled substance on November 28, 2005. The district court imposed a sentence of four years with two years fixed but suspended the sentence and placed Easley on probation. On March 6, 2007, the State alleged that Easley violated various terms of her probation. On September 17, 2007, Easley admitted to violating the terms of her probation for failure to stay in contact with her probation officer, absconding, failing to maintain employment, and failing to pay the costs of her supervision. The district court revoked Easley's probation and reinstated her original probation on October 29, 2007.

On June 30, 2010, the State filed a motion to revoke probation, alleging that Easley violated various terms of her probation. The State also charged Easley by Information with possession of a controlled substance. Both cases were treated as though they were consolidated. Easley pled guilty to possession of a controlled substance in the second case. She also admitted to violating the terms of her probation by changing her residence without permission, consuming methamphetamine, possessing methamphetamine, having contact with a prohibited person, and failing the pay the costs of her supervision. The district court imposed a concurrent unified sentence of seven years with three years fixed on the new charge, but the court retained jurisdiction. On February 22, 2010, on review of Easley's period of retained jurisdiction, the district court suspended Easley's sentences in both cases and placed her on probation.

On April 21, 2011, the State filed a motion to revoke probation in both cases. Easley admitted to violating the terms of her probation for failing to obtain a substance use evaluation, failing to provide a drug test, changing her residence without permission, failing to make herself available for supervision, failing to report to her probation officer, and failing to complete community service. On November 22, 2011, the State filed a second motion to revoke probation in both cases.

Easley was in contact with the Twin Falls mental health court coordinator. Easley asserts that the mental health court coordinator determined that she would be a good candidate for mental health court. The prosecutor did not agree with the recommendation. The district court ruled that it did not possess the authority to place Easley into the mental health court program,

---

[1] An *Alford* plea is a plea where a criminal defendant pleads guilty on the basis that sufficient evidence exists with which the prosecution could establish its case, but the defendant maintains innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

because in Twin Falls County the prosecutor has an "absolute veto" over post-judgment eligibility for mental health court. On January 31, 2012, the district court revoked probation in both cases and executed the underlying sentences. However, the district court *sua sponte* reduced Easley's sentence in the second case to a unified sentence of seven years with two years and six months fixed. The district court gave the following justification for reducing Easley's sentence:

> I do that, not because people who abscond probation deserve a break, but I do believe there is a significant question about [Easley's] mental health to offer [her] an opportunity to hopefully get some treatment in the therapeutic community or otherwise and have an opportunity to parole out a half a year sooner.

Easley filed a notice of appeal in both cases on February 2, 2012.

Easley filed a motion to augment the record with various transcripts. The State objected in part to Easley's request for the transcripts. This Court entered an order granting Easley's request for two transcripts, but it denied her request for transcripts of the admit/deny hearing, the October 29, 2007, disposition hearing, and the February 22, 2011, rider review hearing. Easley asserts this Court erred in denying her motion to augment the record in part.

## III.
### ISSUES ON APPEAL

1. Whether this Court denied the defendant due process and equal protection when it denied in part her request to augment the record.

2. Whether the prosecutor's authority to prevent a district court from considering Easley for mental health court violates Idaho's Separation of Powers Doctrine.

3. Whether the prosecutor's authority to prevent a district court from considering Easley for mental health court violates the uniform judicial powers, procedures, and practices doctrine.

4. Whether the district court abused its discretion when it revoked the Easley's probation.

5. Whether the district court abused its discretion when it failed to further reduce the Easley's sentence *sua sponte*.

## IV.
### STANDARD OF REVIEW

Appellate courts review constitutional challenges de novo. *State v. Olson*, 138 Idaho 438, 440, 64 P.3d 967, 969 (2003). On review of a district court's decision revoking probation, an appellate court considers (1) whether the defendant violated probation, and (2) whether the

probation should be revoked or continued. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). This Court will not disrupt the district court's decision revoking probation absent an abuse of discretion. *Id.* In determining whether the district court abused its discretion, this Court considers (1) whether the trial court understood the issue as discretionary; (2) whether the trial court acted within its discretionary scope and under applicable legal standards; and (3) whether the trial court exercised reason. *State v. Miller*, 151 Idaho 828, 834, 264 P.3d 935, 941 (2011). An appellate court conducts an independent review of the entire record to determine if the record supports the district court's decisions. *State v. Hanington*, 148 Idaho 26, 28, 218 P.3d 5, 7 (Ct. App. 2009).

## V.

### THIS COURT DID NOT VIOLATE EASLEY'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION WHEN IT DENIED IN PART HER MOTION TO AUGMENT.

Easley argues that this Court's denial of her motion to augment the record denied her of due process and equal protection. She maintains that the requested transcripts are relevant to the issues of whether the district court abused its discretion in revoking probation and not further reducing her sentence.

The State argues that Easley improperly raises this issue on the basis that a party challenging a denial of a motion to augment by the Supreme Court must file a renewed motion to augment. Nonetheless, the State argues that the Supreme Court did not err in denying Easley's motion to augment, because the district court was only required to consider those elements that were germane to the probation revocation decision.

*1.      The issue is properly before the Supreme Court for consideration.*

This Court has the authority to review whether it erred in denying Easley's motion to augment. The Idaho Court of Appeals decision in *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012) is not applicable to this Court's authority to review its own process and determine if it erred.

*2.      This Court did not err in denying in part Easley's motion to augment.*

Both the Fourteenth Amendment to the U.S. Constitution and Article 1 Section 13 of the Idaho Constitution guarantee a criminal defendant due process of law. The Idaho Supreme Court applies the United States Supreme Court's standard for interpreting the Due Process Clause of the U.S. Constitution to Article 1, Section 13 of the Idaho Constitution. *Maresh v. State Dep't of Health & Welfare*, 132 Idaho 221, 227, 970 P.2d 14, 20 (1998). Idaho Code § 1-1105(2) provides

4

that an indigent criminal defendant on appeal is entitled to procure necessary transcripts at the county's expense. When a state grants appellate review to a criminal defendant, it cannot do so in a way that discriminates on the basis of poverty. *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). The State is not required to purchase a transcript in every case where a defendant cannot afford the transcript if adequate and effective alternate means for appellate review are made available to indigent defendants. *Id.*; *see also Gardner v. State*, 91 Idaho 909, 913, 435 P.2d 249, 253 (1967) ("A state must furnish a transcript at no cost to an indigent defendant on appeal.") The U.S. Supreme Court clarified what constitutes an adequate alternative to a transcript:

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise . . . . Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances . . . [T]he fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds— the State must provide the indigent defendant with means of presenting his contention to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.

*Draper v. State*, 372 U.S. 487, 495–96 (1963). The U.S. Supreme Court reinforced this rule and held that the burden is on the state to show that an alternative will suffice for an effective appeal:

> We emphasize, however, that the State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way. Moreover, where the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds.

*Mayer v. City of Chicago*, 404 U.S. 189, 195 (1971).

Easley appealed the district court's decision revoking probation resulting from the State's November 22, 2011, motion to revoke probation in both of her cases. The transcript most relevant to Easley's claims is the January 31, 2011, disposition hearing, which was included in the record. In that transcript both the State and Easley make their arguments regarding revocation of probation. That transcript documents Easley's objections to the prosecutorial veto and the district court's reasoning in revoking Easley's probation. This transcript and the rest of the

record including the various Informations against Easley, and her admissions provide a basis on which this Court is able grant an effective review.

In addition to the disposition hearing, this Court granted Easley's motion to augment with respect to the Admit/Deny hearing held on November 15, 2011, and the Admit/Deny hearing on December 5, 2011. Therefore, this Court has before it all of the filings in this matter in addition to the disposition hearing revoking probation and the transcripts from the admit/deny hearings from the last two motions filed by the State to revoke probation. Easley made no appeal with regard to the rider hearing, and she made no argument alleging any specific way in which that transcript is relevant beyond merely asserting the district court could have considered, but did not necessarily consider, those proceedings. Easley does not contend any specific way in which the transcripts from the 2007 admit/deny hearings are relevant to this appeal, except for the fact that probation was twice revoked. Easley's appeal relates to her mental health and the implication of her mental health on the district court's decision. The district court recognized Easley's mental health problems, and Easley makes no indication that these transcripts bear in any way on that issue.

Easley suggests that the transcripts requested are germane to this appeal because they are part of the whole proceeding that this Court will review in determining whether the district court abused its discretion. This alone does not render a transcript necessary for effective appellate review. Such a rule would consume the U.S. Supreme Court's rule that the State is not required to waste its money on non-useful transcripts.

Easley raises concerns regarding the Court of Appeals's case of *State v. Coma*, 133 Idaho 29, 34, 981 P.2d 754, 759 (Ct. App. 1999), holding that "where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court." This presumption is not relevant to this appeal. The presumption in *Coma* deals with "pertinent" portions of the record that are excluded. This Court found that Easley has not demonstrated that the transcripts requested were necessary or germane to the appeal. Based on that fact, the presumption in *Coma* is not applicable to the transcripts denied by this Court. The Court will not engage in the inconsistency of determining that the transcripts are not germane to the appeal but presumed to support the district court's decision.

Easley argues that the failure of this court to grant her motion to augment in full denied her right to effective assistance of counsel, because her appellate attorney is unable to have the

full consideration of all proceedings below in finding and arguing contentions of error. It is well established that the indigent defendants have a right to effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963). However, it is equally settled that the State is not required to waste its funds in preparation of non-germane transcripts for an indigent defendant's appeal. *Mayer*, 404 U.S. at 195. Easley has failed to demonstrate how her transcripts would be germane to these proceedings and has failed to argue how having the transcripts would assist her counsel. In fact counsel utilized the two most recent admit/deny transcripts on appeal.

## VI.

### THERE WAS ERROR IN THE SENTENCING PROCESS WHEN THE DISTRICT COURT DETERMINED THAT THE PROSECUTOR HAD AN ABSOLUTE RIGHT TO VETO THE COURT'S DESIRED DECISION TO SENTENCE EASLEY TO THE MENTAL HEALTH COURT.

Twin Falls County has a mental health court. The same judge sentencing in this case is also the mental health court judge. There is no agreement or protocol specific to the mental health court among the various entities that participate in the process. The Court has received augmentation to the record of a drug court agreement. The participants apparently believe the same terms set forth in the drug court agreement are applicable to the mental health court. There are inconsistencies as to the authority of the district court and the Twin Falls County prosecutor. Those inconsistencies are not relevant to the decision in this case. With regard to this case, both the district court and the prosecutor accepted and acted on the belief that the prosecutor does have an absolute veto to acceptance of a defendant into the mental health court.

At the January 31, 2012, disposition hearing, Easley objected to the process conferring on the Twin Falls County prosecutor the ability to prevent the district court from considering her for mental health court. The district court overruled the objection. The district court recognized that the process in the Fifth Judicial District grants the prosecution an "absolute veto" over the post-judgment court's ability to sentence Easley to mental health court. The district court, however, declined to address Easley's constitutional objections to that process and ruled that Easley's objections "need[ ] to be addressed at a higher level than I can. [Easley's objections] may indeed make reasonable arguments to another court." The district court recognized that mental health issues "overlay[ ] much of what's gone on here and that there is certainly a good argument to be made . . . for potentially why you shouldn't be afforded a mental health court placement, were it

7

not for the veto." The district court, however, did not look at that option since it was "a vetoed issue."

Easley argues that the prosecutorial veto violates Idaho's Separation of Powers Doctrine. She acknowledges that she did not object to the prosecutorial veto on the basis of the Separation of Powers doctrine, but she asserts that the issue can be raised for the first time on appeal because it constitutes fundamental error.

Article V Section 13 of the Idaho Constitution provides as follows: "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of government."

Easley argues that because the prosecutor was making eligibility determinations for the mental health court post-judgment rather than pre-judgment, it was exercising judicial functions. Easley is correct. The post-judgment prosecutorial veto violates the Separation of Powers doctrine. Whatever authority prosecutors have as "judicial officers," that authority does not extend to determining sentencing when a defendant has been adjudicated guilty of a violation. That is the court's authority. It cannot be contracted away.

This determination does not undercut the structure and purpose of Idaho's specialty courts, which are "innovative diversion efforts." *State v. Rogers*, 144 Idaho 738, 739 n.1, 170 P.3d 881, 882 n.1 (2007). Idaho's specialty courts are designed by statute to be collaborative. Idaho Code § 19-5602 requires a coordinating committee to develop guidelines for specialty courts, which shall include judges, court administrators, prosecutors, public defenders, treatment providers, law enforcement officers, legislators, executive officers from the governor's office, and more. Diversion in the pre-judgment process remains collaborative. But the post-judgment authority to sentence is the prerogative of the courts within the bounds of existing law and constitutional standards. The courts cannot contract or bargain away this authority. And, the prosecutor cannot veto this judicial function.

This Court has not held that for fundamental error to exist, it is necessary for existing authorities to have unequivocally resolved the issue in appellant's favor.[2] This Court has examined whether additional *evidence* is required from the record. *See, e.g.*, *State v. Dunlap*,

---

[2] The Idaho Court of Appeals, relying on federal authority adopted this rule in *State v. Hadden*, 152 Idaho 371, 375, 271 P.3d 1227, 1231 (Ct. App. 2012). The Idaho Court of Appeals has applied this rule extensively since its adoption. *See e.g.*, *State v. Hochrein*, 154 Idaho 993, 303 P.3d 1249 (Ct. App. 2013), review denied; *State v. Beadz*, 2013 WL 5493694 (Ct. App. 2013) (unreported); *State v. Parsons*, 153 Idaho 666, 289 P.3d 1059 (2012).

Nos. 32773, 37270, 2013 WL 4539806 (2013) (examining the defendant's fundamental error claims on issues that have not clearly been decided in Idaho); *State v. Gomez*, 153 Idaho 253, 281 P.3d 90 (2012) (examining whether the evidence sufficiently demonstrated that restitution was a part of the plea agreement).

The alleged violation is clear from the record, and additional facts are not required for analysis. Easley's attorney objected to the prosecutorial veto on numerous grounds and tried very hard to get her into a mental health program. The district court was very clear about the procedure in the Fifth Judicial District: the prosecutor has an absolute veto over eligibility for the mental health court post-judgment. No additional evidence is required to establish that the court contracted away its sentencing authority, which it cannot do.

*3.      The Error was not Harmless.*

Easley objected to the prosecutorial veto and presented evidence at the disposition hearing that she would be a good candidate for mental health court. The district court acknowledged that Easley might be a good candidate for mental health court but refused to consider it for her sentence because of the prosecutorial veto. Easley has established the prosecutorial veto was not harmless.

## VIII.

### IT IS NOT NECESSARY TO ADDRESS THE CLAIM THAT THE PROSECUTORIAL VETO VIOLATES THE UNIFORM JUDICIAL POWERS DOCTRINE.

Easley argues that the prosecutorial violates Idaho's Uniform Judicial Powers Doctrine.

Article V Section 26 of the Idaho Constitution provides as follows:

All laws relating to courts shall be general and of uniform operation throughout the state, and the organized judicial powers, proceedings, and practices of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments, and decrees of such courts, severally, shall be uniform.

Easley relies on *Bear Lake Cnty v. Budge*, 9 Idaho 703, 75 P. 614 (1904), for the proposition that different judicial districts may not have any unique rules. In that case, the Court considered a statute relating to the Idaho Water Commission that changed various rules of procedure with respect to how suits are brought, how summons are to be served, how title is to be acquired, and in whose name a suit may be brought. *Id.* at 618. Unlike *Budge*, the present matter does not involve any legislation or written rule to which Easley can direct the Court's attention.

9

The only evidence that Easley offers for support of her position that as a general practice in the Fifth Judicial District there is a prosecutorial veto and that the veto is unique to the Fifth Judicial district is counsel's assertion at the disposition hearing that "to my knowledge, this is not done this way in any other county in the state of Idaho." Whether the Fifth Judicial District is the only one with the prosecutorial veto is not established in this record. It is not necessary to determine this issue, because the provision is void wherever it exists.

## IX.

### THE DISTRICT COURT ERRED WHEN IT FAILED TO CONSIDER MENTAL HEALTH COURT AS AN ALTERNATIVE.

The district court made the decision to revoke Easley's probation because probation was not serving Easley's rehabilitative goals and was no longer consistent with protecting society. The district court did not think that these goals could be accomplished without strict supervision. Easley had been on probation for six years and probation had been unsuccessful. The district court revoked probation but recommended that she be placed in any mental health modalities available at the penitentiary to address her mental health issues.

Easley asserts that the district court abused its discretion when it revoked her probation, maintaining that her probation violations were not entirely willful because of her mental health issues. Easley argues that probation does not provide her, with her mental health issues, with the appropriate amount of supervision.

> In reviewing a probation revocation proceeding, we use a two-step analysis. First, we ask whether the defendant violated the terms of his probation. If it is determined that the defendant has in fact violated the terms of his probation, the second question is what should be the consequences of that violation. The determination of whether a probation violation has been established is separate from the decision of what consequence, if any, to impose for that violation.
>
> . . .
>
> For the first step, a district court's finding of a probation violation will be upheld on appeal if there is substantial evidence in the record to support the finding. This first step involves a wholly retrospective factual question. To comply with the principles of due process, a court may revoke probation only upon evidence that the probationer has in fact violated the terms or conditions of probation.
>
> . . .
>
> The applicable legal standard the district court must utilize in determining whether to revoke probation is based upon whether the violation was willful or non-willful:

> If a knowing and intentional probation violation has been proved, a district court's decision to revoke probation will be reviewed for an abuse of discretion. However, if a probationer's violation of a probation condition was not willful, or was beyond the probationer's control, a court may not revoke probation and order imprisonment without first considering alternative methods to address the violation.

*State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009) (internal citations and quotations omitted).

The flaw in this process is that the district court did not consider the alternative of mental health court in sentencing. It precluded itself from considering what may or may not have been a preferred alternative.

## X.

### CONCLUSION

The case is remanded for resentencing considering all alternatives available to the sentencing court.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.