**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41787**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 833 |
| Plaintiff-Respondent, | Filed: December 2, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| PATRICIA ANN SCHMIDT, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order revoking and reinstating probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Patricia Ann Schmidt pled guilty to grand theft, Idaho Code §§ 18-2403(1), -2407(1)(b). The district court imposed a unified ten-year sentence with a three-year determinate term, but suspended the sentence and placed Schmidt on probation. Subsequently, Schmidt was found to have willfully violated several terms of the probation, and the district court consequently revoked, but immediately reinstated, Schmidt's probation. Schmidt appeals, contending that the district court erred when it found Schmidt's probation violations were willful and when it subsequently revoked and reinstated her probation.

A district court's finding of a probation violation will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App.

1

1994).  Under Idaho Criminal Rule 33(e), the court may revoke probation if there is "a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." Schmidt contends that her probation violations were not willful; however, the district court specifically determined that the probation violations were willful.  Upon review of the record, substantial evidence supports the district court's determination of willfulness.  Schmidt has failed to show the district court's finding was clearly erroneous.  *See State v. Egersdorf*, 126 Idaho 684, 686, 889 P.2d 118, 120 (Ct. App. 1995).

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 326, 834 P.2d at 328.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.  Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking Schmidt's probation.

Therefore, the order revoking and reinstating probation is affirmed.