**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43139/43142**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2016 Unpublished Opinion No. 749** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: October 26, 2016** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **DAVID N. HYATT,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Orders revoking probation, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>; orders denying amended I.C.R. 35 motions for credit for time served, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

David N. Hyatt appeals from the district court's orders revoking his probation and denying his Idaho Criminal Rule 35 motions requesting leniency and credit for time served. Specifically, Hyatt argues the district court erred in revoking probation because executing Hyatt's sentences is not necessary to further the goal of rehabilitation. Hyatt additionally argues the district court erred in denying Hyatt's requests for leniency because his sentences are excessive in light of new information provided to the district court. Lastly, Hyatt maintains the district court erred in denying the amended motions for credit for time served because Hyatt was initially mistaken about how many days he spent in jail. For the reasons explained below, we affirm the district court's probation revocation and denial of request for leniency, but we reverse the district court's orders denying Hyatt's amended motions for credit for time served.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, the State charged Hyatt with failure to register as a sex offender in Docket No. 43139. Hyatt pled guilty and the district court imposed a four-year sentence, with two years determinate, suspended the sentence, and placed Hyatt on probation for two years. At a probation violation hearing, Hyatt admitted to violating the terms and conditions of his probation by battering his wife and consuming alcohol. Hyatt was released on his own recognizance, and a disposition hearing was set. Hyatt again violated probation by unlawfully entering a residence, violating a civil protection order, driving a motor vehicle while under the influence of alcohol, driving a motor vehicle without an ignition interlock, and driving a motor vehicle without liability insurance. A disposition hearing occurred for both probation violation reports. The district court revoked Hyatt's probation; executed his previously imposed sentence of four years, with two years determinate; and retained jurisdiction.

Meanwhile, the State charged Hyatt with felony driving under the influence in Docket No. 43142. Hyatt pled guilty in September 2010, and the district court imposed a unified sentence of three years, with one year determinate, and retained jurisdiction. The district court ordered the sentence to run concurrently with Hyatt's other sentence.

In February 2011, after successfully completing a period of retained jurisdiction, the district court suspended the balance of Hyatt's sentences and placed him on probation for five years, in both cases, from January 18, 2011, until January 18, 2016. In September 2012, Hyatt admitted violating the terms and conditions of his probation by providing shelter to a runaway minor and associating with a person Hyatt was not permitted to associate with. The district court gave Hyatt "one more chance" and continued him on probation in both cases.

However, in October 2014, Hyatt's probation officer reported that Hyatt again violated his probation terms and conditions by committing battery, disturbing the peace, driving without privileges, speeding, and failing to provide proof of insurance. While those allegations were pending, Hyatt's probation officer filed a second report in January 2015 alleging Hyatt violated his probation by battering his wife and consuming and/or possessing alcohol. Following an evidentiary hearing, at which the State withdrew the allegations in the October 2014 violation report, the district court found that Hyatt willfully violated the terms and conditions of his probation by battering his wife and consuming alcohol. The district court revoked Hyatt's

probation in both cases and ordered his sentences executed. Specifically, he was ordered to serve the unified sentence of four years imposed in Docket No. 43139, concurrently with the unified sentence of three years imposed in Docket No. 43142.

The parties stipulated that Hyatt had served 451 days in Docket No. 43139 and 442 days in Docket No. 43142. The district court therefore granted Hyatt the stipulated credit for time served. Hyatt filed I.C.R. 35 motions requesting that the court reduce Hyatt's sentences to six months in jail, explaining that his wife's health and financial problems have been exacerbated without Hyatt's assistance. Hyatt also filed amended I.C.R. 35 motions seeking credit for time served in both cases. He argued he was actually entitled to 542 days in Docket No. 43139 and 452 days in Docket No. 43142 and was initially mistaken about the stipulated credit for time served. The district court denied Hyatt's motions for reduction, finding that the sentences imposed were appropriate. The district court denied Hyatt's amended motions for credit for time served, reasoning that defense counsel had stipulated to the amount already granted. Hyatt appeals from the district court's orders revoking probation and denying Hyatt's I.C.R. 35 motions.

## II.

## ANALYSIS

### A.    Probation Revocation

The district court revoked Hyatt's probation after finding that Hyatt willfully violated the terms and conditions of his probation. Hyatt initially argued in his appellant's brief that the district court erred when it found that Hyatt violated his probation without determining whether that violation was willful, but withdrew this argument in his reply brief. Hyatt maintains the district court abused its discretion when it revoked probation.

Idaho Code § 20-222(2) provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed . . . ." It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222(2); *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 768 P.2d 713, 717 (Ct. App. 1988).

3

Once a probation violation is established, the district court must then determine whether to revoke or continue probation. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A district court's decision to revoke probation will not be overturned on appeal absent a showing that the court abused its discretion. *Sanchez*, 149 Idaho at 105, 233 P.3d at 36. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Hyatt contends the district court erred because revoking his probation and executing his sentences was not necessary to further the goal of rehabilitation. He reasons that his medication caused him to behave violently, he had never been violent in the past, he has a supportive family, he needs counseling for his mental health problems, and he would attend Alcoholics Anonymous meetings if he were not incarcerated. Hyatt further explained to the district court that he deserved another chance to complete his probation, he had work waiting for him, and his wife would continue to struggle if Hyatt was incarcerated. The State contends, however, that Hyatt is not a suitable candidate for probation because he has an extensive criminal record and has frequently and repeatedly violated probation.

At the most recent probation disposition hearing, the district court noted Hyatt's number of prior felonies and that he was charged with felony DUI shortly after he was put on probation for failing to register as a sex offender. The district court further explained:

> I looked back at your history and you've got charge after charge of battery, domestic battery, failure to comply with probation, malicious mischief. Charge after charge of violence.
> . . . Your probation officer says that you're not amenable to probation. . . . You continue to drink on the DUI.

4

The district court added:

> [T]his is your third probation violation on the one case, your second on the other. You continue to get involved in acts of violence where you're a risk. . . . And enough is enough. And I just don't believe that you are amenable to probation.

Therefore, the district court revoked Hyatt's probation and imposed the original sentences.

The district court did not err in revoking Hyatt's probation because the record demonstrates Hyatt's persistent inability to comply with the terms and conditions of probation, and his inability to comply with probation threatens the protection of society. For instance, Hyatt was first placed on probation in Docket No. 43139 on January 4, 2010. Hyatt admitted to violating his probation terms and conditions approximately five months later, in May 2010, by battering his wife and consuming alcohol. Hyatt admitted he again violated probation in June 2010 by unlawfully entering a residence, violating a civil protection order, driving while under the influence, driving a vehicle without an ignition interlock, and driving a vehicle without automobile insurance. Also in June 2010, the State charged Hyatt with felony DUI. Hyatt's sentences were suspended, and he was placed back on probation for five years, in both cases, from January 18, 2011, until January 18, 2016. In September 2012, Hyatt again violated his probation by providing shelter to a runaway child and associating with a person with whom Hyatt's probation officer had ordered Hyatt to not contact. Still, the district court gave Hyatt one more chance and, in January 2013, continued him on probation in both cases. In February 2015, the district court found that Hyatt again violated his probation terms and conditions by battering his wife and consuming alcohol. Due to the violent nature of Hyatt's probation violations, continued probation would threaten the protection of society.

Moreover, Hyatt's previous probation terms and conditions did not effectuate his rehabilitation. As the district court noted, Hyatt has frequently and repeatedly committed probation violations, many of which were of a violent nature. Although Hyatt has been convicted of at least four DUIs, some of his probation violations involve alcohol use. His criminal history is extensive--since 1980, he has been convicted of dozens of misdemeanors and at least five felonies. Simply put, probation has not assisted in Hyatt's rehabilitation. Therefore, the district court did not err in revoking Hyatt's probation.

## B. Idaho Criminal Rule 35 Motions Requesting Leniency

Hyatt additionally argues the district court erred when it denied the I.C.R. 35 motions requesting leniency. Hyatt reasons that his combined sentences of four years, with two years

determinate, were excessive in light of the new information he provided in his motions. Specifically, Hyatt informed the court that Hyatt's wife has financial and health problems, and these problems have been exacerbated since the court executed Hyatt's sentences.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The district court denied Hyatt's motions, reasoning that Hyatt's lengthy criminal history and repeated probation violations demonstrate he "is either unable or unwilling to adhere to the terms and conditions of probation or to the laws of this State." Thus, according to the district court, "in order to protect society, as well as achieve a measure of retribution and serve as a deterrent to other probationers in the community, it is necessary that Hyatt serve the concurrent sentences imposed in both cases." The district court further noted that Hyatt failed to show that the sentences were excessive. We agree with the district court's conclusion. In light of Hyatt's criminal history and frequent probation violations, the physical and financial well-being of Hyatt's wife does little to show that Hyatt's sentences are excessive. Hyatt's previous sentences and probations have not deterred him from continuing to violate his probation terms and conditions and the law. Moreover, some of his probation violations were of a violent nature, he associated with individuals he was not permitted to associate with, and he harbored a runaway minor. Such actions endanger society. The district court therefore did not err in denying Hyatt's I.C.R. 35 motions for leniency.

## C. Amended Idaho Criminal Rule 35 Motions for Credit for Time Served

Hyatt maintains the district court erred in denying his amended motions for credit for time served because he is entitled to 542 days of credit in Docket No. 43139 and 452 days of credit in Docket No. 43131. In support of his amended I.C.R. 35 motions, Hyatt attached an email from the Bonner County Sheriff's Office, which listed all the dates Hyatt was in jail. It

apparently indicates defense counsel mistakenly stipulated to the incorrect amount of credit for time served. The district court denied Hyatt's motions, explaining: "Defense counsel [has] stipulated . . . to the amount of credit for time served in both cases."

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

It is the district court's duty to determine the accurate credit for time served, as reflected by the record, and award that time accordingly. *Id.* The district court here, however, did not consider the merits of Hyatt's amended I.C.R. 35 motions even though Hyatt purported to correct the credit for time served. We therefore reverse and remand for the district court to consider and rule on the merits of Hyatt's amended I.C.R. 35 motions.

## III.
## CONCLUSION

The district court did not err in revoking Hyatt's probation because probation has not effectuated his rehabilitation and continued probation would not be consistent with the protection of society. Moreover, the district court did not err in denying Hyatt's I.C.R. 35 requests for leniency because Hyatt failed to establish that his sentences were excessive in light of new or additional information. On these accounts, we affirm the district court's orders revoking probation and its orders denying Hyatt's requests for leniency. However, we reverse the district

7

court's orders denying Hyatt's amended motions for credit for time served and remand for further proceedings.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.