**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51883/51884**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: June 23, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **ADELA FLORES VEGA,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Orders revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Adela Flores Vega appeals from the district court's orders revoking her probation and ordering execution of her suspended sentences in these consolidated cases. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 51883, Vega was convicted of two counts of forgery, Idaho Code § 18-3601, and one count of grand theft, I.C. § 18-2403(1). The district court imposed a unified term of fourteen years with five years determinate on each count, to run concurrently, and retained jurisdiction. Following completion of the period of retained jurisdiction, the district court suspended the sentences and placed Vega on probation for a period of seven years or until financial

1

obligations imposed were paid.[1]  Thereafter, Vega admitted to violating probation and the district court continued probation on the condition that she make minimum payments toward restitution. A second motion for probation violation was filed alleging Vega failed to make her monthly payments and incurred a new charge of forgery in Docket No. 51884.

In Docket No. 51884, Vega pled guilty to one count of forgery, I.C. § 18-3601, and misdemeanor failure to appear, I.C. § 18-7401.  She also admitted to violating her probation in Docket No. 51883 by committing a new crime.  Additional charges and a persistent violator allegation were dismissed.  The district court imposed a unified term of seven years with two years determinate for forgery and ninety-days jail time for failure to appear and retained jurisdiction.  At the same hearing, the district court revoked Vega's probation in Docket No. 51883 and retained jurisdiction.  After completing the period of retained jurisdiction, the district court placed Vega on probation in both cases.

Subsequently, the State filed a motion to revoke probation in both cases alleging that Vega had absconded from supervision.  Vega was arrested in Utah and extradited to Idaho.  Vega denied the probation violation allegation in each case and the district court held an evidentiary hearing. The district court found that Vega willfully violated her probation.  The court then revoked her probation and ordered execution of her suspended sentences in each case.  Vega appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Vega claims the district court's finding of a willful violation of probation is not supported by substantial and competent evidence.  Vega alternatively claims that, even if the district court's

---

[1]  The district court ordered Vega to pay $17,419.01 in restitution.

finding is supported by substantial and competent evidence, the district court abused its discretion in revoking her probation.

Idaho Criminal Rule 33(f) governs probation revocation. It states that the trial court "must not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." I.C.R. 33(f). Review of a trial court's discretionary decision to revoke the defendant's probation involves a two-step analysis. *State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022). First, the appellate court determines whether the terms of probation have been violated because a trial court may only revoke probation upon evidence that the probationer has violated the terms of probation. *Id*. This first step "involves a wholly retrospective factual question." *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 479 (1972)). A finding that a probation violation has been proved as being willful, it will be upheld on appeal if there is substantial evidence in the record to support the finding. *Ross*, 170 Idaho at 62, 507 P.3d at 549. The State bears the burden of providing satisfactory proof of a violation, though proof beyond a reasonable doubt is not required. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). Second, after confirming that "a knowing and intentional probation violation" occurred, the question is "whether the violation justifies revocation of the probation." *Ross*, 170 Idaho at 62, 507 P.3d at 549.

Following her release from custody at the conclusion of the period of retained jurisdiction, Vega was required to report to the Twin Falls probation and parole office within twenty-four hours. She failed to do so. The next day, her probation officer, Huizar, was informed by Vega's retained jurisdiction case manager, Diaz, that Vega's request for an interstate compact to Utah was denied and Vega was informed of the denial. Diaz stated that Vega might be in Utah. Diaz informed Huizar that after the interstate compact was denied, Vega applied for and was accepted into Alpine Alternative transitional housing in Twin Falls. Vega had not checked into Alpine Alternative. Huizar testified that she was never able to contact Vega and would not even be able to identify her because she had never seen her. Huizar concluded that Vega was actively avoiding reporting.

On the other hand, Vega testified that she believed the interstate compact had been approved, as a retained jurisdiction case manager filling in for Diaz had told her she was going back to Utah. Vega testified that, upon her release, she was given a bus ticket by the Idaho Department of Correction (IDOC) staff to Salt Lake City, Utah. Upon arrival in Utah, Vega

3

testified that a friend picked her up and took her to the probation and parole office. Vega testified that she completed the paperwork, was under the supervision of Officer Green, and had been routinely checking in. Vega's friend testified he picked her up, albeit at a different location than described by Vega, and took her to probation and parole. The friend testified that Vega returned with paperwork in hand.

At the conclusion of the hearing, the district court stated:

> I find that based on the testimony of the probation officer and the lack of any other paperwork supporting Ms. Vega's explanation that she had been approved for interstate compact, as well as knowing full well how the interstate compact process works, I find that Ms. Vega was well aware of what she was doing and that her violation was willful and that she did abscond supervision, so therefore I find that the State has met its burden with respect to the motion to revoke probation filed on June 26, 2023, Count 1, that Ms. Vega did, in fact, abscond from supervision.

Vega contends that the district court's finding of willfulness is not supported by substantial and competent evidence. Vega argues that the district court failed to make express credibility determinations as between her testimony and that of Huizar. Vega contends that the State failed to present evidence rebutting Vega's testimony that she was given a bus ticket by IDOC staff. The State points out that Vega made no claim that she attempted to contact the Twin Falls probation office upon her release; claimed that she only applied to Alpine Alternative as a back-up plan as opposed to a need for housing resulting from denial of the interstate compact; provided no paperwork or specifics as to her claim that the interstate compact had been approved (noting the length and complexity of the compact process); and that over seven months had elapsed between Vega's release from custody and placement on probation and her arrest for violating her probation.

Substantial and competent evidence supports the district court's finding that Vega's probation violation was willful. The power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Fleenor*, 133 Idaho 552, 555, 989 P.2d 784, 787 (Ct. App. 1999). The appellate court also gives deference to any implicit findings of the trial court supported by substantial evidence. *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999). While the district court did not expressly make credibility determinations, the district court plainly did not believe Vega's assertion that the interstate compact had been approved. The district court noted the substantial process involved in an interstate compact and Vega's lack of any paperwork. Vega's claim that she was not required to report to Twin Falls

4

probation or Alpine Alternative and, thus, her failure to do so was not willful, was entirely based on her contention that she was entitled to be in Utah under the interstate compact. The testimony that Vega was told the interstate compact was denied and the lack of paperwork to substantiate her claim of acceptance is substantial and competent evidence supporting the district court's finding that her violation was willful. Vega's application and acceptance into Alpine Alternative further undercuts her claim of approval of the interstate compact.

Next, Vega contends that, even if her probation violation was willful, the district court abused its discretion by revoking her probation. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court that are relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Vega's previously suspended sentences.

## IV.

## CONCLUSION

Substantial and competent evidence supports the district court's finding that Vega willfully violated probation. Vega fails to demonstrate that the district court abused its discretion by revoking her probation. Therefore, the district court's orders revoking probation and ordering execution of Vega's previously suspended sentences are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.