**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44865**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Opinion No. 20 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 2, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| MATTHEW JOSEPH REED, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>; order relinquishing jurisdiction and order denying redisposition, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Matthew Joseph Reed appeals from the district court's order relinquishing jurisdiction and the district court's order denying Reed's motion for redisposition. Reed asserts that the district court abused its discretion when it relinquished jurisdiction because Reed had not fulfilled two unqualified conditions the court ordered to be completed prior to Reed being considered for probation. The two conditions were: (1) completion of a polygraph regarding past sex charges and crimes against women, and (2) enrollment in the Good Samaritan Treatment Program. Reed also argues the district court abused its discretion by sentencing Reed based on his criminal history, rather than the possession charge at issue. For the reasons set forth below, we reverse the order relinquishing jurisdiction and the order denying Reed's motion for redisposition, and remand this case for a redetermination before a different judge as to whether Reed's sentence should be suspended and he should be placed on probation. Because the district

1

court did not abuse its discretion when it sentenced Reed, we affirm the judgment of conviction and sentence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reed pleaded guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). At the sentencing hearing, the State recommended that the underlying sentence include a period of retained jurisdiction; Reed requested a period of probation. Although Reed was not confident he could afford a treatment program, he asked the district court to include the Good Samaritan Treatment Program as a condition of his probation. Before making a ruling, the district court asked Reed to explain several of the alleged prior crimes that were listed in Reed's presentence report. The district court also asked Reed about a tattoo on his neck which read "Trust no bitch," as well as Reed's prior gang affiliation. The district court imposed a determinate seven-year sentence and retained jurisdiction. In addition to requiring Reed to successfully complete the period of retained jurisdiction, the district court imposed two other prerequisites to Reed's probation eligibility. The district court stated:

> I will need a polygraph on your return regarding your account of past sexual offenses and past violence towards women, and if you do all those things, then I will not consider you for probation unless you can get into Good Samaritan for ten months.

The district court offered the following explanation for the sentence:

> The reason for the sentence is your criminal record, and while I realize that there were dismissals on the sex crimes that I asked you about, I have severe concerns about your explanation given the fact that there are three different events over the course of four different years--five different years. There's violence to women on multiple occasions. You've got a huge drug problem. You've been to prison. You've joined a gang.

After successfully completing the period of retained jurisdiction, the Idaho Department of Correction recommended that Reed be placed on probation. At the rider review hearing, the State recommended that Reed be placed on three years of supervised probation. Reed's counsel also requested that Reed be placed on probation. The district court ignored the recommendations and focused on the two conditions it previously imposed--completing the polygraph and enrolling in the Good Samaritan Treatment Program--neither of which Reed had done. When asked whether he was interested in the Good Samaritan Treatment Program, Reed attempted to explain why he failed to enroll in the program: "I didn't have the money at the time because--at

2

that time I said I might have the money, but I didn't have the money. I called them and I told them that and, uh--." Because Reed did not enroll in the Good Samaritan Treatment Program and did not take a polygraph, the district court relinquished jurisdiction and executed the original unified determinate sentence of seven years, but modified the sentence to six years determinate and one year indeterminate.

The same day Reed received his sentence, Reed filed a motion for a redisposition hearing in order to make a clear record that Reed's refusal to take the polygraph was based on an assertion of his right against self-incrimination under the Fifth Amendment of the United States Constitution. At the hearing, Reed clarified that he did not participate in the polygraph because he was asserting his Fifth Amendment right against self-incrimination. The district court denied Reed's motion for redisposition. In a written order, the district court provided the following explanation for its decision:

> This Court finds that the present case is distinguishable from the case of *State v. Van Komen*, 160 Id 534 (2016) [sic], in that in that case the Supreme Court found error in the District Court's decision to relinquish jurisdiction over the Defendant based solely upon the Defendant's refusal to waive his 5th Amendment rights against self-incrimination by participating in a court ordered polygraph examination. In the present case, the Court's decision to relinquish jurisdiction is based upon two factors, first, that the Defendant has failed to participate in a polygraph examination and second, that the Defendant failed to make arrangements to participate in the "Good Samaritan" program upon his return from the retained jurisdiction program. Therefore, the decision to relinquish jurisdiction is not based solely upon the Defendant's refusal to participate in a polygraph examination.

Reed also filed a motion for reconsideration of his sentence, pursuant to Idaho Criminal Rule 35. At the hearing on the motion, Reed explained he could not get into the Good Samaritan Treatment Program because he could not afford it and because he had an alleged sex offense.[1] The district court denied Reed's I.C.R. 35 motion and explained:

> There wasn't any evidence presented on behalf of the defense at the jurisdictional review hearing about not being able to afford Good Samaritan or not being able to

---

[1] Both parties reference the Idaho Criminal Rule 35 motion hearing and rely on the transcript of that hearing. The transcript from the I.C.R. 35 motion hearing contains the arguments by the parties and the reasoning of the district court regarding Reed's I.C.R. 35 motion. The denial of Reed's I.C.R. 35 motion is not at issue in this appeal. However, because both parties rely on that transcript to explain or illuminate the district court's reasons for relinquishing jurisdiction and denying Reed's motion for redisposition, we will accept the parties' citation to that transcript as factual support for their arguments.

3

get into Good Samaritan because of a prior sex offense, so I'm simply not able to understand how an additional reason could be arrived at after the pertinent point in time which was January 10th, 2017, and even if that were true, even if it were the case that he couldn't get into Good Samaritan because of a prior sex offense, that should've been explained to the Court way back at the time of sentencing on May 24th, 2016, and what was told to me on May 24th, 2016, by [defense counsel] at the time on behalf of Mr. Reed was that he's made contact with Good Samaritan, not confident that finances will be there, but that was the only explanation given, and that's the day that I required Mr. Reed, when he came back for his rider review, to have it set up that he get into Good Samaritan. It says it on his court order. I said it on the record.

And I also directed him to have a polygraph regarding his account of past sex offenses and violence towards women and he didn't have that either, so he didn't do any of the things that he needed to do when he came back from his jurisdictional review and apparently he still doesn't. He still doesn't have any plan to get into Good Samaritan or anything similar, and certainly nothing to assure the Court that the risk posed in his presentence report as to prior sex offenses and abuse towards women has been mitigated at all, and it's not just one event.

Reed timely appeals.

## II.

### STANDARD OF REVIEW

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Sentences are also reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with

any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### III.

### ANALYSIS

Reed argues the district court abused its discretion when it relinquished jurisdiction and denied Reed's motion for redisposition because the district court imposed two unqualified conditions on Reed's opportunity for probation. First, the district court ordered Reed to complete a polygraph regarding past sex charges and crimes against women. Second, the district court required Reed to be enrolled in the Good Samaritan Treatment Program. Reed also argues the district court abused its discretion by sentencing Reed based on his criminal history, rather than the possession charge at issue.

**A.      The District Court Abused Its Discretion When It Relinquished Jurisdiction and Denied Reed's Motion for Redisposition**

The Fifth Amendment to the United States Constitution guarantees that no person "shall be compelled in any criminal case to be a witness against himself." This privilege applies to the states through the Fourteenth Amendment. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-86 (1998). It is well-accepted that the protections of the Fifth Amendment extend beyond the context of a criminal trial, granting an individual the right "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). These protections are not lost by conviction or incarceration--the United States Supreme Court has specifically held that an individual does not lose the Fifth Amendment's protections merely because he or she made incriminating statements while incarcerated or on probation. *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984). An individual protected by the privilege may rightfully refuse to answer questions unless and until the individual is granted immunity against future use of the compelled answers in a subsequent criminal proceeding. *Id.* Absent such immunity, if the individual is nevertheless compelled to answer, the answers "are inadmissible in a subsequent trial for a crime other than that for which he has been convicted." *Id.*

Ordinarily, to be afforded the protections of the Fifth Amendment, a defendant must affirmatively invoke the privilege. *United States v. Monia*, 317 U.S. 424, 427 (1943); *State v. Crowe*, 131 Idaho 109, 112, 952 P.2d 1245, 1248 (1998). This duty to claim the privilege remains with the individual even when the government is unquestionably attempting to compel a response. *Garner v. United States*, 424 U.S. 648, 654 (1976). Here, both parties agree Reed invoked his Fifth Amendment right against self-incrimination to the district court. Because Reed

6

asserted his Fifth Amendment right, we do not need to analyze whether a waiver or classic penalty apply to this case. *See United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005) and *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

Relying on *State v. Van Komen*, 160 Idaho 534, 376 P.3d 738 (2016), Reed asserts that the district court violated Reed's Fifth Amendment right against self-incrimination. In *Van Komen*, the Idaho Supreme Court analyzed whether a district court--the same district court as in this case--can relinquish jurisdiction if a defendant refuses to take a polygraph regarding prior sex crimes. *Id.* at 538, 376 P.3d at 742. The defendant in *Van Komen* was convicted of drug possession and the district court retained jurisdiction. *Id.* at 536, 376 P.3d at 740. Van Komen was later placed on probation, but he admitted to violating the terms of his probation, in part, due to a relationship with an underage girl. *Id.* at 536-37, 376 P.3d at 740-41. The district court revoked Van Komen's probation and retained jurisdiction on the condition that Van Komen take a polygraph examination. *Id.* at 537, 376 P.3d at 741. Although he initially agreed to this condition, Van Komen later refused to take the polygraph examination, and the district court relinquished its jurisdiction based upon this refusal. *Id*. at 537-38, 376 P.3d at 741-42. On appeal, the Idaho Supreme Court held that the district court violated Van Komen's Fifth Amendment right against self-incrimination. *Id.* at 540, 376 P.3d at 744. The Supreme Court explained that while the district court could have refused a rider review hearing or relinquished jurisdiction based upon other reasons, the district court improperly relinquished jurisdiction solely because Van Komen refused to waive his Fifth Amendment right. *Id.*

The district court's behavior in this case is almost identical to the behavior in *Van Komen* that the Supreme Court held problematic. Like the defendant in *Van Komen*, Reed was charged with drug possession and the district court retained jurisdiction. Also like *Van Komen*, the district court placed specific conditions on the retained jurisdiction that were unrelated to the charge for which Reed was sentenced. In *Van Komen*, the district court required the defendant to have a polygraph examination to assess whether the defendant used drugs or alcohol and the extent of sexual activity with an underage girl. *Id.* at 537, 376 P.3d at 741. Here, the district court required Reed to take a polygraph test in order to explain prior allegations of sex crimes, which were unrelated to the drug possession charge or any articulated goal of rehabilitation on the substance abuse charge. Reed, like Van Komen, asserted his Fifth Amendment right against self-incrimination and refused to take the polygraph test. Like in *Van Komen*, the district court

7

relinquished jurisdiction, at least in part, because Reed failed to take a polygraph test. Because the Supreme Court was clear in *Van Komen* that a district court cannot relinquish jurisdiction because a defendant refused to take a polygraph, the district court abused its discretion in this case.

The district court and the State attempt to distinguish *Van Komen* by comparing the district court's decision in this case with the precise wording of the *Van Komen* opinion. According to the district court, Reed's case was distinct from *Van Komen* because the district court did not relinquish jurisdiction "solely" because of Reed's refusal to take a polygraph test. In its ruling, the district court explained:

> [T]he Court's decision to relinquish jurisdiction is based upon two factors, first, that the Defendant has failed to participate in a polygraph examination and second, that the Defendant failed to make arrangements to participate in the "Good Samaritan" program upon his return from the retained jurisdiction program. Therefore, the decision to relinquish jurisdiction is not based solely upon the Defendant's refusal to participate in a polygraph examination.

We are not persuaded by the district court's explanation since it attempts to sidestep the holding in *Van Komen*.[2]

Although the district court gave a second reason--failing to enroll in the Good Samaritan Treatment Program--for its decision to relinquish jurisdiction and deny Reed's motion for redisposition, this does not change our holding. A court cannot impose a condition of probation that is impossible for a defendant to meet. *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct. App. 1984). We similarly see no reason why a court may impose an impossible condition as a prerequisite to probation.

Here, enrollment in the Good Samaritan treatment program was potentially subject to an impossibility defense because Reed was unable to afford the program. Reed was an indigent defendant who received a public defender for counsel. At the sentencing hearing, Reed suggested he was not confident he could pay for the Good Samaritan Treatment Program.

---

[2]   The district court's requested polygraph was irrelevant to the charge in this case. Reed pleaded guilty to a drug possession charge, not a crime of a sexual or violent nature. The district court, however, required a polygraph regarding dismissed allegations of Reed's past sexual offenses and violence towards women. There are limits to what information a district court may require of a defendant at sentencing for purposes of determining whether probation is appropriate. A district court that demands irrelevant (at best) or unconstitutional (at worst) explanations of a defendant or conditions of probation that are irrelevant to the charge at hand or otherwise unconstitutional runs the risk of reversal for abusing its discretion.

8

Nonetheless, Reed inquired about enrolling in the Good Samaritan Treatment Program he could not afford. At the review hearing, Reed attempted to explain again that he did not have enough money to pay for the Good Samaritan Treatment Program. The district court ignored this explanation. Because Reed attempted to comply with this condition but was unable to do so, the district court abused its discretion in finding that Reed's failure to comply with this condition was a sufficient basis to relinquish jurisdiction and deny Reed's motion for redisposition.

**B.      The District Court Did Not Abuse Its Discretion When It Sentenced Reed**

Reed argues the district court abused its discretion by sentencing Reed based on his criminal history, rather than the possession charge at issue. An appellate review of a sentence is based on an abuse of discretion standard. *Burdett*, 134 Idaho at 276, 1 P.3d at 304. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *Reinke*, 103 Idaho at 772, 653 at 1184. When reviewing the length of a sentence, we consider the defendant's entire sentence. *Oliver*, 144 Idaho at 726, 170 P.3d at 391.

Reed asserts the district court abused its discretion because it sentenced Reed for his prior sex charges, rather than the drug possession charge that was at issue in this case. Reed relies on *State v. Findeisen*, 133 Idaho 228, 984 P.2d 716 (Ct App. 1999) to claim the district court inappropriately imposed a sentence for offenses other than the one actually before the court. After examining the transcript of the sentencing hearing, we disagree with Reed. First, the district court explained it was imposing "the following sentence for possession of a controlled substance for events that happened February 2nd, 2016," which is evidence that the district court was not imposing a sentence for a crime other than the drug possession charge. Second, as part of the sentence, the district court recommended a rider program to help Reed with his drug

addiction. Third, while the district court cited concern for Reed's violence to women, the court also recognized that Reed had a drug problem, was previously in prison, and joined a gang. There is no evidence the district court only sentenced Reed for prior sex crimes. We therefore are unpersuaded that the district court abused its discretion when it imposed Reed's sentence.

## IV.

## CONCLUSION

For the reasons set forth above, we reverse the order relinquishing jurisdiction and the order denying Reed's motion for redisposition, and remand this case for a redetermination before a different judge as to whether Reed's sentence should be suspended and he should be placed on probation. Furthermore, because the district court did not abuse its discretion when it sentenced Reed, we affirm the judgment of conviction and sentence.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.