**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50112 & 50113**

| | |
|---|---|
| STATE OF IDAHO, | )<br>) **Filed: February 1, 2024**<br>) |
|       **Plaintiff-Respondent,** | )<br>) **Melanie Gagnepain, Clerk** |
| v. | )<br>) |
| | ) **THIS IS AN UNPUBLISHED** |
| MISTY DAWN ROSE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
|       **Defendant-Appellant.** | )<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation, <u>affirmed</u> in <u>part</u>, <u>reversed</u> in <u>part</u>, and <u>cases</u> <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

In these consolidated cases, Misty Dawn Rose appeals from the district court's orders revoking her probation. The district court's orders revoking Rose's probation are affirmed in part, reversed in part, and the cases are remanded.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 50112, Rose pled guilty to delivery of methamphetamine. I.C. § 37-2732(a)(1). In Docket No. 50113, Rose pled guilty to unlawful possession of a firearm, I.C. § 18-3316, and aiding and abetting burglary, I.C. §§ 18-1701 and 18-1401. The district court held a joint sentencing hearing and sentenced Rose to a unified term of ten years, with a minimum period of confinement of three years, for delivery of methamphetamine; a unified term of five years, with a minimum period of confinement of two years, for unlawful possession of a firearm; and a unified term of ten years, with a minimum period of confinement of three years, for aiding

1

and abetting burglary. The district court ordered that the sentences be served consecutively but retained jurisdiction, sending Rose to participate in the rider program.

In September 2019, the district court held a jurisdictional review hearing and placed Rose on supervised probation for three years in both cases. In November 2021, Rose's probation officer filed a report of probation violations, and the district court issued a bench warrant for Rose's arrest based on these violations. On November 28, 2021, Rose was arrested on an agent's warrant after officers conducted a search of her residence in Shoshone County. During the search, the officers found drug paraphernalia and issued Rose a citation, filed an addendum to her probation violation report, and sent the paraphernalia to a lab for testing. In December 2021, the district court held a probation violation hearing, where Rose admitted to all the probation violation allegations. The district court placed Rose on another rider. Additionally, the district court informed Rose that it would not put her on probation unless she was enrolled in drug court or mental health court.

On June 16, 2022, at a jurisdiction review hearing, the district court suspended Rose's sentences and placed her on probation for three years. The district court informed Rose that she must attend a probation review hearing scheduled for July 21, 2022, and that, if she was not accepted into drug court by then, it would be a violation of probation. On June 30, 2022, the State filed a progress report informing the district court that Rose had been charged with felony possession of methamphetamine in January 2022 based on the results of the lab testing from the paraphernalia found from the November 2021 search of her home. The progress report included information that attempts to serve a summons were unsuccessful because Rose was incarcerated on her second rider. An arrest warrant was issued on February 15, 2022.

At the probation review hearing on July 21, 2022, Rose failed to appear. Rose's attorney informed the district court Rose was not present because she was incarcerated in Shoshone County trying to take care of the arrest warrant issued in February 2022. The district court then asked if Rose had been accepted into drug court, and Rose's attorney advised that Rose had not been. In response, the district court stated:

> So, I'm going to set this for a hearing a couple weeks down the road. I explained to Ms. Rose that if she's not accepted into drug court, it's a violation of her probation, and that was to have occurred by today, so I think technically she's in violation status. I'm not going to issue a bench warrant today, but if she's not here at the next hearing or at least present in custody by Zoom at our next hearing and doesn't have an acceptance into drug court, she's in violation status at that time, and I will issue a bench warrant and we'll deal with a probation violation.

2

On August 11, 2022, the district court held the probation review hearing and Rose was present. Rose informed the district court that she still had not been accepted into drug court, and the district court responded:

> Well, I am then going to start the order to show cause process and make the allegation, Ms. Rose, that you have violated your probation as set forth in Term and Condition of Probation 29 which reads: "Attend probation review hearing on July 21, 2022, at eleven o'clock in the morning. If not accepted into drug court, it's a violation of probation," and that was discussed with you on June 16th when I verbally pronounced that requirement.

The district court then informed Rose that she would be taken into custody, a no-bond bench warrant would be issued, and an admit or deny hearing would be held later. Rose entered a denial to the probation violation, and the district court set a date for the next hearing.

On September 6, 2022, the district court held Rose's probation violation evidentiary and disposition hearing. At the hearing, the State's only witness was Rose's probation officer. The probation officer testified that he was aware Rose attempted to get into Kootenai County drug court but was denied because she did not qualify. The probation officer testified that he knew that Rose was denied in Shoshone County drug court as well. The probation officer further testified that Rose attempted to get into drug court before she was placed on probation and then attempted to again after being placed on probation. Again, Rose was rejected by the Kootenai County drug court because she was not eligible.

Rose's two witnesses were the Shoshone County drug court coordinator and the Kootenai County drug court coordinator. The Shoshone County drug court coordinator testified that Rose did not qualify for the Shoshone County drug court because she was post-sentence. The Kootenai County drug court coordinator testified Rose did not qualify for the Kootenai County drug court. According to the Kootenai County drug court coordinator, because Rose was residing in Shoshone County, she was not eligible for the Kootenai County drug court. Additionally, Rose did not qualify for Kootenai County drug court because she did not meet the level two criteria and had pending charges in Shoshone County.

Rose also testified at the probation hearing that she could not get into drug court or mental health court. She testified that she had been living with her parents in Shoshone County, with the approval of her probation officer. Rose testified that she was not able to attend the July 21, 2022, probation review hearing because she was unable to bond out after turning herself in on the outstanding Shoshone County warrants the morning of the probation review hearing.

3

The district court found that Rose had willfully violated her probation by failing probation condition 29 requiring that she be accepted into drug court. The district court also found Rose willfully violated her probation by failing to appear at the July 21, 2022, probation review hearing. The district court revoked Rose's probation and ordered execution of her original sentences. Rose appeals.

## II.

## STANDARD OF REVIEW

Review of a probation revocation proceeding involves a two-step analysis. First, it is determined whether the terms of probation have been violated. If they have, it is then determined whether the violation justifies revocation of the probation. With regard to the first step, a district court may revoke probation only upon evidence that the probationer has violated probation. A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. As to the second step, the decision whether to revoke probation for a violation is within the discretion of the district court. *State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Idaho Criminal Rule 33(f) provides that a court must not revoke probation unless there is an admission or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation. *See also State v. Garner*, 161 Idaho 708, 711, 390 P.3d 434, 437 (2017).[1]

---

[1] In *Garner*, the Idaho Supreme Court held that, consistent with I.C.R. 33(f), probation may only be revoked for a willful violation. Prior cases had held that, if a probationer's violation of a probation condition was not willful or was beyond the probationer's control, a trial court may not revoke probation and order imprisonment without first considering alternative methods to address the violation. *See, e.g.*, *State v. Sanchez*, 149 Idaho 102, 106, 233 P.3d 33, 37 (2009). Thus, before *Garner*, a trial court could revoke probation for a non-willful violation so long as the trial court considered alternative methods to address the violation. However, after *Garner*, the Supreme Court in *Ross*, 170 Idaho at 62, 507 P.3d at 549, again quoted its prior language from *Sanchez* that,

4

The State concedes that Rose's failure to be admitted to drug court was due to circumstances not within her control. The State, however, argues that Rose failed to show the district court abused its discretion when it revoked her probation based on her failure to attend the July 21 probation review hearing and that this Court should affirm the district court based upon that violation alone. Therefore, according to the State, we need not address Rose's failure to be admitted to drug court as a basis for her probation violation or revocation. Because there is no evidence in the record to support a finding that Rose's failure to be admitted to drug court was willful, revoking probation solely on that basis would be an abuse of discretion. *See State v. Reed*, 163 Idaho 681, 687, 417 P.3d 1007, 1013 (Ct. App. 2018).

Rose argues that the district court's finding of a second probation violation (her failure to appear at the probation review hearing on July 21) cannot justify its decision to revoke probation because the violation was never alleged, she was not informed of the grounds for the violation, her failure to appear was not willful, and the reasoning for revoking is unsupported by the record. Finally, Rose argues that, if this Court concludes the district court erred with respect to either of the violations found, this case should be remanded for a new disposition hearing before a different judge.

Idaho Criminal Rule 33(f) provides, in relevant part, that the trial court "must not revoke probation except after a hearing at which the defendant is present and apprised of the grounds upon which revocation is proposed." The United States Supreme Court has held that a probationer is entitled to "notice of the claimed violations" of probation before a trial court may revoke probation. *Morrissey v Brewer*, 408 U.S. 471, 489 (1972). The record supports a finding that Rose had notice that her failure to appear at the July 21 hearing was alleged as a probation violation. Rose's

---

"if a probationer's violation of a probation condition was not willful, or was beyond the probationer's control, a court may not revoke probation and order imprisonment without first considering alternative methods to address the violation." *Sanchez*, 149 Idaho at 106, 233 P.3d at 37. Rose first argues that the holding in *Ross* did not implicitly overrule *Garner*. In the alternative, she argues that if a trial court is permitted to revoke probation for a nonwillful violation, the district court erred by revoking probation and ordering her sentence executed without first considering alternative methods of punishment. The State argues that, consistent with *Garner* and I.C.R. 33(f), probation may only be revoked for a willful violation. We agree. *Ross* did not involve the trial court not considering alternatives to revocation and, we believe, did not overrule or modify the holding in *Garner*. The citation in *Ross* to the holding in *Sanchez* (that a court may revoke probation for a non-willful violation) is dicta. Probation may only be revoked for a willful violation.

attendance at the July 21 hearing was stated as one of the terms and conditions of her probation in the district court's written order. Furthermore, the court informed Rose at the August 11, 2022, hearing that the probation violation allegations would include "that you have violated your probation as set forth in Term and Condition of Probation 29 which reads: 'Attend probation review hearing on July 21, 2022, at eleven o'clock in the morning. If not accepted into drug court, it's a violation of probation.'" Furthermore, Rose testified at the probation violation hearing, she failed to appear at the July 21 hearing because she was in custody in Shoshone County, having turned herself in on warrants there that morning. While it is plain from the record that the primary focus of the probation violation hearing was Rose's failure to be admitted to drug court, the record supports a finding that Rose had notice that failure to attend the July 21 hearing was alleged as a probation violation.

Rose further argues that the evidence does not support a finding that her failure to appear at the July 21 hearing was willful. At the probation violation hearing, Rose testified that she did not know of the Shoshone County warrants until after her release on probation on June 16, 2022. She testified that she met with a bondsman at the Shoshone County jail to "take care of" the warrants early in the morning of the July 21 hearing in accordance with an agreement made days earlier. She testified that the booking process was delayed and she was still at the Shoshone County jail when the hearing was held. The testimony was unrefuted. The district court (apparently believing Rose's testimony) focused on Rose's failure to address the warrants at some other time, which resulted in her being in custody at the time of the hearing. The district court reasoned that Rose's failure to appear was willful because it was "of her own doing" since she chose not to deal with the outstanding warrants until the morning of the review hearing and in a way that conflicted with the review hearing such that she could not attend the hearing. The district court's finding that Rose violated her probation by her willful failure to appear for the July 21 hearing is supported by substantial competent evidence.[2]

---

[2]     It is unusual for a probation violation to be alleged for failure to appear when the reason for the failure to appear is that the probationer is in custody in another jurisdiction. Typically, in such cases (particularly where the probationer is in custody in a neighboring county) a warrant would be issued, served on the probationer while in custody, and the probationer would simply be brought before the court at a later date. What distinguishes this case is that Rose chose when to turn herself in. Had she been arrested that same morning without turning herself in the result might be different.

6

Having determined that the district court's finding that Rose violated her probation by her failure to appear for the July 21 hearing was supported by substantial and competent evidence, we would usually next decide whether the decision to revoke probation was an abuse of discretion. Under the circumstances of this case, we cannot do so. The district court revoked probation after finding that Rose committed two violations--failure to be admitted to drug court and failure to appear. Only one violation, failure to appear, was shown to be willful. Despite the district court having expressed a strong belief that Rose was not suitable for probation, we cannot determine from the record whether the district court would have revoked probation based solely upon Rose's failure to appear--particularly under the circumstances of her failure to appear. We, therefore, reverse and remand for a probation disposition hearing to determine whether Rose's probation should be revoked.

Rose argues that, on remand, any additional proceedings be conducted by a different judge. Rose cites several cases in which this Court, and the Idaho Supreme Court, have required assignment to a different judge after remand in cases involving the judge assigned to this case.[3] The cited cases all involve the district judge either denying or revoking probation for a defendant's refusal to submit to a polygraph as a condition of probation in sexual-offender cases. That we and the Idaho Supreme Court have required assignment to a different judge in circumstances different from this case is not persuasive authority that we should do so in this case, and we decline to do so. Rose has not shown that the district judge assigned to this case will not properly exercise his discretion on remand.

### III.

### CONCLUSION

The district court erred in finding that Rose violated the terms of her probation by failing to be admitted to drug court. However, the district court properly found that Rose violated the terms of her probation for her failure to appear at the July 21, 2022, probation review hearing, and this finding is affirmed. We are unable to determine whether the district court would have revoked Rose's probation based solely on her failure to appear at the probation violation disposition

---

[3]     *See State v. LeVeque*, 164 Idaho 110, 117, 426 P.3d 461, 468 (2018); *State v. Van Komen*, 160 Idaho 534, 540, 376 P.3d 738, 744 (2016); *State v. Allmaras*, 167 Idaho 698, 708, 475 P.3d 1220, 1230 (Ct. App. 2020); *State v. Guzman*, 168 Idaho 722, 727, 486 P.3d 532, 537 (Ct. App. 2020); *Reed*, 163 Idaho at 687, 417 P.3d 1013.

hearing. Therefore, we reverse the orders revoking Rose's probation and remand for a probation violation disposition hearing to determine whether Rose's probation should be revoked solely based on her failure to appear.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.